UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-94-G |
| | ) |
| ZACHARY CHARLES TAYLOR, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Motion to Dismiss Indictment (Doc. No. 17) filed through counsel by Defendant Zachary Charles Taylor. The Government has filed a Response (Doc. No. 18).

In April 2021, a federal grand jury returned an Indictment charging Defendant with violating 18 U.S.C. § 922(g)(1) by possessing a firearm after having been convicted of a felony. The matter is set for a jury trial to begin November 29, 2021. In his Motion, Defendant seeks dismissal of the Indictment on two grounds.

First, Defendant argues that the charging statute, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied due to its infringement of the "individual right to keep and bear arms" conferred by the Second Amendment to the United States Constitution. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008); *see* Def.'s Mot. at 2-4.

In *Heller,* the United States Supreme Court instructed that its decision should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by

felons." *Heller*, 554 U.S. at 626-27.  The Court reiterated this clarification in *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (citing *Heller*, 554 U.S. at 626-27).  Relying on the Supreme Court's instruction, the Tenth Circuit has "soundly rejected" the same Second Amendment challenge to the constitutionality of § 922(g)(1) that is raised here by Defendant.  *United States v. Molina*, 484 F. App'x 276, 285 (10th Cir. 2012) (citing *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)).  While both parties recognize this binding precedent, Defendant suggests that the Tenth Circuit erred.  This Court, however, is bound to follow the appellate court's precedent and consequently denies dismissal of the Indictment on this basis.

Second, Defendant argues that § 922(g)(1) is "an unconstitutional exercise of Congress's Commerce Clause Power because simple noncommercial possession of a firearm within a state does not implicate Article I, § 8, clause 3 of the United States Constitution."  Def.'s Mot. at 7.  As Defendant concedes, his argument is counter to controlling precedent.  *See id.* at 6.  Defendant contends, however, that the Tenth Circuit erred when previously considering the constitutionality of § 922 (g)(1) under the commerce clause, arguing that *United States v. Lopez* "makes clear that criminalizing the mere intrastate possession of a firearm is not 'commercial.'"  *Id.* (citing *Lopez*, 514 U.S. 549, 560-61 (1995)).

The fact remains that the Tenth Circuit has considered § 922(g)(1) post-*Lopez* and consistently upheld the statute's constitutionality under the commerce clause.  *See* Gov't's Resp. at 3 (citing *McCane*, 573 F.3d at 1047; *United States v. Urbano*, 563 F.3d 1150, 1154 (10th Cir. 2009); *United States v. Farnsworth*, 92 F.3d 1001, 1006-07 (10th Cir. 1996);

*United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995)).  Indeed, the Tenth Circuit has "explicitly rejected" the same challenge that is raised here by Defendant.  *McCane*, 573 F.3d at 1047; *accord Urbano*, 563 F.3d at 1154 (explaining that "if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied").  Again applying binding precedent, the Court denies dismissal of the Indictment on this basis.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss Indictment (Doc. No. 17) is DENIED.

IT IS SO ORDERED this 5th day of November, 2021.

*[Signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge